UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD RHEIN,
    Plaintiff,

vs.

SMYTH AUTOMOTIVE, INC.,
d/b/a SMYTH PARTS PLUS, *et al.*,
    Defendants.

Case No. 1:10-cv-710
Bertelsman, J.
Litkovitz, M.J.

**ORDER**

    Plaintiff brings this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626, *et seq.*, and Ohio Rev. Code §§ 4112.14, 4112.99 alleging that defendants unlawfully discriminated against him by terminating his employment as one of defendants' sales representatives on the basis of his age. (Doc. 1). On June 13, 2012, an informal discovery conference was held in this matter to address several disputed discovery requests. Following the conference, the Court ordered the parties to meet and confer and, subsequently, submit a joint statement outlining any residual discovery issues. (Doc. 81). The parties timely filed the joint statement which represented that they had resolved the majority of the disputed items. (Doc. 82). This matter is now before the Court on the parties' memoranda regarding the remaining disputed discovery requests. (Docs. 84, 85).

    As an initial matter, the undersigned commends the parties' successful efforts at resolving the majority of the disputed discovery requests. Notably, of the approximately 20 items initially at issue, the parties have been able to whittle down the instant dispute to three discrete matters. The remaining contested items are: (I) plaintiff's request for documents from defendants' monthly sales meetings beyond defendants' original July 2011 production; (II) plaintiff's request for documents identifying call reports generated by defendants' sales

representatives beyond defendants' original July 2011 production; and (III) plaintiff's request for documents of credit applications and new accounts opened by defendants' sales representatives other than plaintiff from January 2010 to present. As disputes (I) and (II) concern the same issue – whether plaintiff is entitled to ongoing supplementation of his initial discovery requests – they will be addressed in tandem.

Plaintiff propounded discovery requests to defendants seeking documents from sales meetings and call reports "from January 1, 2005 *to the present.*" (Doc. 84, Ex. 1) (emphasis added). Defendants provided their discovery responses, including the requested documents, to plaintiff on July 1, 2011. *Id.* Plaintiff argues that he is entitled to ongoing supplementation of his requests for monthly sales meeting and call report documents because: (1) defendants were aware of and acknowledged the continuing nature of the request and (2) the documents are relevant to his claims and necessary to refute defendants' purportedly pretextual reason for terminating plaintiff's employment.

In opposition, defendants contend they fully satisfied their duty under the Federal Rules of Civil Procedure in July 2011. Defendants posit that the supplementations sought by plaintiff, *i.e.*, documents responsive to the requests that were generated after July 2011, are irrelevant to plaintiff's claims. Further, defendants assert that plaintiff's request is an untimely wholesale request under the guise of supplementation. Essentially, the issue before the Court is whether plaintiff is entitled to responsive documents created during the finite period of January 1, 2005 to July 1, 2011 or whether defendants must continue to supplement their responses to plaintiff's open-ended requests to, ostensibly, the conclusion of trial. For the following reasons, the undersigned finds that plaintiff is entitled to a portion of the requested supplemental documents.

The Federal Rules of Civil Procedure provide that parties are entitled to "discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Further, parties have a duty to supplement their discovery responses as follows:

> A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

Here, plaintiff asserts he is entitled to sales meeting and call report documents generated after July 2011 in light of the language used in his request, the relevance of the sought after documents, and defendants' intent to use sales-related evidence generated after July 2011. In opposition, defendants argue that plaintiff's request for documents "from January 1, 2005 to the present" does not impose a duty on them to provide ongoing supplementations beyond July 1, 2011, the date they provided their initial responses, as such requests do not contemplate the production of a document that was created well after both the request and the response. In support, defendants cite to *Taylor v. Union Inst.*, 30 F. App'x 443 (6th Cir. 2002).

In *Taylor*, the plaintiff propounded a discovery request on December 16, 1997, seeking specific documents "[f]or the last ten (10) years." *Id.* The defendants timely produced the responsive documents for the ten year period on September 28, 1998. *Id.* Following the entry of summary judgment against her, the plaintiff argued that the defendants were obliged to produce documents generated beyond September 28, 1998 that, although generated outside of the requested time period, were otherwise responsive to her request. *Id.* The Sixth Circuit affirmed the District Court's holding that the *Taylor* defendants were not obligated to produce the later-

3

generated documents as plaintiff's request contemplated a "finite period of time, the ten years prior to [plaintiff's] request, or at least prior to [defendant's] response." *Id.*

While the holding of *Taylor* provides some support for defendants' contention that they are not under a duty to supplement *ad infinitum*, the instant facts caution against applying the *Taylor* rationale in this matter for fear of undermining the strong policy favoring liberal discovery. *See generally Hickman v. Taylor*, 329 U.S. 495 (1947). For the following reasons, the Court finds that defendants are obligated to produce certain documents generated after July 1, 2011.

First, the request in *Taylor* was limited to a discrete period of ten years whereas, here, plaintiff's requests are broader inasmuch as they seek documents from an undefined time period. As a pure semantic matter, the rationale of *Taylor*, that the request for documents spanning a ten-year period clearly contemplated a closed time period, does not apply to the instant plaintiff's requests. Notably, the Sixth Circuit seemed to recognize the limited nature of their holding by advising as follows, "[i]f [plaintiff] wants the benefits of a self-executing duty to supplement, she ought not to disable it with temporally limiting language in her request." *Taylor*, 30 F. App'x at 452. Here, plaintiff's requests were not temporally limited but, rather, are open-ended; hence, the holding of *Taylor* does not squarely apply.

Second, it appears that defendants have obligated themselves to supplementing their discovery responses. In his memorandum, plaintiff argues that defendants intend to use evidence from October 2011 to support their claim that plaintiff was terminated for underperforming and not on the basis of his age. Plaintiff asserts that he intends to use the post-July 2011 documents to rebut defendants' arguments and to support his allegations that defendants' purportedly nondiscriminatory basis for firing him is pretextual. A review of the record supports plaintiff's

assertion and indicates that the supplemental documents are relevant to his case-in-chief.

In support of their motion for summary judgment, defendants filed the affidavit of Lynette Smithson, the Chief Financial Officer for defendant Smyth Automotive. *See* Doc. 50, Ex. 1. Ms. Smithson's affidavit includes references to specific sales generated from March 2011 through October 2011 by another one of defendants' sales representatives. *Id.* at ¶ 22. In light of defendants' representation that they intend to rely on sales data generated after July 2011 at trial, their cursory argument that the call reports and sales meeting documents generated post-July 2011 are irrelevant is unpersuasive. Accordingly, the Court finds that plaintiff is entitled to supplemental documents responsive to his request for call reports and sales meeting documents for, at least, the period from July 1, 2011 to October 31, 2011.

However, the Court is persuaded by defendants' argument that requiring them to produce otherwise irrelevant documents solely because plaintiff utilized open-ended language in his documents requests is overly burdensome. "Rule 26(e) does not place a continuing burden on a party responding to a discovery request to supplement with new information." *MSC.Software Corp. v. Altair Eng., Inc.*, No. 07-12807, 2012 WL 1340445, at *2 (E.D. Mich. Apr. 18, 2012) (citing Adv. Comm. Notes to Rule 26(e)). Rather, the obligation to supplement arises only, in relevant part, where a "party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). There is no evidence that the documents generated after October 31, 2011 make defendants' previous responses incomplete or incorrect. In contrast to the scenario presented in connection with the July-October 2011 documents, plaintiff has not demonstrated the relevance of these later generated documents and defendants have identified a serious burden associated with their production. Accordingly, defendants are not required to produce documents responsive to plaintiff's requests generated

beyond October 31, 2011. However, should defendants intend to rely on sales-related evidence generated subsequent to October 31, 2011, they shall supplement their responses accordingly.

The remaining discovery dispute involves documents related to new credit applications and accounts opened by other sales representatives. Plaintiff argues that he is entitled to these documents as he may use them to refute defendants' assertion that his employment was terminated because he did not meet his new account sales requirements. In support, plaintiff notes that defendants intend to rely upon the testimony of Sara Creighton, the Credit Manager for defendants,[1] to support their claims that plaintiff was fired for underperformance. Plaintiff asserts that Ms. Creighton's testimony references credit applications and new accounts in defendants' computer database that have not previously been disclosed, but which defendants identified in their initial disclosures. Defendants contend they are not required to disclose this information because: (1) plaintiff never explicitly requested this information; (2) the request is overbroad as it seeks information not covered by Ms. Creighton's testimony; (3) and requiring defendants to produce the information is burdensome as they do not maintain the 2010 sales information in their computer database. Defendants' arguments are not well-taken.

Federal Rule of Civil Procedure 26(a) provides:

> [e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
>> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>>
>> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing

---

[1] *See* Doc. 50, Ex. 3, Affidavit of Sara Creighton.

> party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A).

As part of their initial disclosures, defendants identified that they would produce sales information related to plaintiff and "comparative sales information from other outside salesmen" pursuant to a protective order and, further, that defendants may use these documents in support of its defenses. (Doc. 84, Ex. 2, Defendants' Initial Disclosures). Despite previously acknowledging their intent to use these documents in their defense and affirming that they "will be produced under the terms of a protective order[,]" defendants now seek to avoid disclosing these documents by presenting cursory arguments that plaintiff is not entitled to them because he never made a specific request and that producing these records would be burdensome. Notably, defendants have not included an affidavit supporting their claims, but simply argue that they "disrupted [their] business operations to take current information off the system in order to obtain past information for [plaintiff]. It would be burdensome to perform this procedure again in order to obtain information that was not timely requested during [p]laintiff's requests made within the discovery period of this litigation." (Doc. 85, p. 5). Defendants' arguments miss the point.

The Federal Rules do not require that documents be specifically requested before obligating a party to produce them. *See* Fed. R. Civ. P. 26(a)(1) ("a party must, *without awaiting a discovery request*, provide to the other parties . . . [discovery] that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . .") (emphasis added). Further, "Rule 26(e) imposes a duty of supplementation and amendment of disclosures[,]" eliminating the need for plaintiff to specifically request the documents identified by defendants as material to their defense. *Johnson v. United Parcel Service, Inc.*, 236 F.R.D. 376, 378 (E.D. Tenn. 2006) (holding that party was required to produce supplements to documents identified in initial disclosures despite absence of specific discovery request). Pursuant to the Federal Rules, defendants have been under a duty to provide the sought after sales documents since they initially disclosed them in July 2011. *See* Doc. 84, Ex. 2 (defendants served their initial disclosures to plaintiff on July 1, 2011). Further, defendants have conceded that these items are relevant to the extent they affirmed their intent to use comparative sales information in their defense and that such documents were relied on by Ms. Creighton during her deposition.

In light of this obligation, it is unclear why defendants did not previously obtain this information in order to reduce any future disruptions to their business. While acquiring this information may be burdensome, defendants have placed this burden on themselves by not taking a more efficient approach to extracting discoverable documents from their system. In any event, defendants have submitted no evidence from which this Court can find that the potential burden outweighs plaintiff's right to the discovery. Consequently, the undersigned finds that defendants are required to produce and/or supplement the sales information referenced in their

8

initial disclosures as well as the information cited by Ms. Creighton during her deposition.

**IT IS SO ORDERED.**

_8/1/12_
Date

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge